DECISION
Defendants, Chrysler Insurance Company, Employers Mutual Insurance Company, and Universal Underwriters Insurance Company have each filed a Motion to Reconsider relative to the Court's decision of October 11, 1996. In its decision, this Court denied Employers Mutual Insurance Company's Motion for a judgment as a matter of law as to all three plaintiffs, thereby allowing coverage under Universal's uninsured motorist provision. In addition, Chrysler's motion for a directed verdict[1] was also denied, thus allowing coverage under the uninsured motorist provision for all three plaintiffs. Oral arguments on the Motions to Reconsider were heard on October 30, 1996.
In support of its motion for reconsideration, defendant Chrysler Insurance Company contends that the decision of the Court is unclear as to the basis upon which coverage under the Chrysler policy was premised. Chrysler points out that the jury found that relative to Robert's Auto Sales, at the time of the accident, the plaintiff Pinto did not have a reasonable belief that he was entitled to be using the Jeep Cherokee owned by Robert's Auto Sales. Consequently, the defendant argues that since a provision of Chrysler's policy unambiguously exempts coverage for "anyone using a vehicle without a reasonable belief that the person is entitled to do so," that uninsured motorist coverage is precluded.
In ruling on a motion for a directed verdict, the trial justice must consider the evidence in the light most favorable to the party against whom the motion is made without weighing the evidence or considering the credibility of the witnesses, and must extract from the record only those reasonable inferences that support the position of the party opposing the motion. AAAPool Service Supply, Inc. v. Aetna Cas. and Surety Co.,479 A.2d 112, 115 (R.I. 1984).
As an initial matter, this Court has already determined that the exclusion in the Chrysler policy is not ambiguous and therefore must be given its "plain, ordinary and usual meaning."Amica Mutual Insurance Co. v. Streiker, 583 A.2d 550, 552 (R.I. 1990). With respect to whether the exclusion controls, our Supreme Court has not interpreted such exclusionary language. This Court has held that the exclusion clearly provides that coverage is excluded if the driver claimed he believed he was entitled to drive the vehicle, but was without reasonable grounds for such belief. See General Accident Fire Life AssuranceCorp., Ltd. v. Perry, 541 A.2d 1340, 1349 (Md. App. 1988). The jury decided that in relation to Menard Suzuki, the driver did have reasonable grounds to believe he was entitled to drive the vehicle, but in relation to Robert's Auto Sales the driver did not have reasonable grounds for such belief. A factual assessment of the driver's belief in regards to both Menard Suzuki and Robert's Auto Sales was necessary because both companies had a possessory interest in the vehicle. Robert's Auto Sales owned the vehicle. Menard Suzuki, through its general sales manager Charles Pinto, had permission to use the vehicle for test drives.
The jury's determination was reasonable from the evidence before it. The jury heard evidence that Robert's Auto Sales authorized the driver to use the vehicle for test drives. While the driver may have thought that driving home a drunken colleague was incidental to his permission to use the vehicle, the jury concluded that such a belief was not reasonable. However, the evidence also indicated that Menard Suzuki authorized a policy of driving drunken colleagues home. From this evidence, the jury could conclude that the driver had a reasonable belief that, he was entitled to drive the vehicle on behalf of Menard Suzuki. The jury could conclude that, in relation to Menard Suzuki, the driver's authority under the test drive process did not end until the driver had taken his drunken colleague home.
Thus, this Court finds that since the jury found that, relative to Robert's Auto Sales, the plaintiff Pinto, at the time of the accident, did not have a reasonable belief that he was entitled to be using the Jeep Cherokee, the Chrysler Insurance Company policy coverage is precluded as to all three plaintiffs. With respect to Menard Suzuki, since the jury found that the plaintiff Pinto, at the time of the accident, had a reasonable belief that he was entitled to be using the Jeep Cherokee, the Employers Mutual Insurance Company policy covers the plaintiff Pinto and the Universal Underwriters Insurance Company policy covers all three plaintiffs.
Accordingly, after reconsideration of the prior decision in the above-entitled matter, this Court grants Chrysler Insurance Company's motion for directed verdict since the evidence permits only one legitimate conclusion in regard to the outcome. This Court denies the motions to reconsider filed by Employers Mutual Insurance Company and Universal Underwriters Company.
Counsel shall prepare an appropriate order for entry.
[1] The 1995 revision of the Rhode Island Rules of Civil Procedure abandons former Rule 50's "directed verdict" nomenclature in favor of the term — "judgment as a matter of law." However, this name change does not affect the applicable standard of review. Long v. Atlantic PBS, Inc., et al,681 A.2d 249, 252 (R.I. 1996).